```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

DIEGO MAURICIO BAZOALTO SUAREZ,

    Petitioner,

v.                                Case No. 2:26-cv-186-JES-NPM

JUAN LOPEZ VEGA, Field Office Director, U.S. Immigration and Customs Enforcement in his official capacity, KRISTI NOEM, U.S Department of Homeland Security in her official capacity, MERRICK B. GARLAND, Attorney General of the United States in his official capacity, and WARDEN, ALLIGATOR ALCATRAZ DETENTION FACILITY,

    Respondents.
_____/

## ORDER DISMISSING CASE

Presently before the Court is Diego Mauricio Bazoalto Suarez's 28 U.S.C. § 2241 petition for writ of habeas corpus. (Doc. 1). The Government has filed a response to the petition. (Doc. 9). Suarez has filed a reply. (Doc. 10). For the following reasons, Suarez's habeas petition is dismissed without prejudice because it is unexhausted.

### I. Background

Suarez is a native and citizen of Bolivia who was admitted to the United States in 2000. (Doc. 9 at 2). After overstaying his

admission, Suarez was placed in removal proceedings. (Id.) However, Suarez received Deferred Action for Childhood Arrivals (DACA) status in 2015, which resulted in the administrative closure of his removal proceedings. (Id.) Suarez's DACA protection was not renewed after it expired in 2021 because he had several minor drug-related offenses. (Doc. 1 at 2; Doc. 9-1). In May of 2025, an immigration judge re-calendared Suarez's proceedings, and a master calendar hearing is set for September of 2028. (Doc. 1 at 2).

Suarez was arrested and detained on a "local civil ordinance matter" at some point in 2025. (Doc. 1 at 7). During his detention in county custody, Immigration and Customs Enforcement (ICE) lodged an immigration detainer against him. (Id.) Suarez was transferred directly from county custody into ICE custody, and he is currently detained by ICE at Florida South Soft-Sided Facility (Alligator Alcatraz). (Id. at 8).

The parties do not dispute that Suarez is currently being held under the discretionary detention provisions of 8 U.S.C. § 1226(a). (Doc. 1 at 12; Doc. 9 at 2).

## II. Discussion

Under § 1226(a), the Government is authorized to detain or release a noncitizen subject to removal proceedings pending a final order of removal. See Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). When the Government chooses to detain the noncitizen, he

2

or she is free to request a bond hearing before an immigration judge. See 8 C.F.R. § 103.19(a)-(c). Suarez does not claim to have requested a bond hearing, and Respondent asserts that he has not done so.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires a court to dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the Petitioner is not entitled to relief."[1] Federal habeas corpus petitions under § 2241 are subject to a common law exhaustion requirement that applies to all petitions. See Santiago-Lugo v. Warden, 785 F.3d 467, 474-75 (11th Cir. 2015). Although the Eleventh Circuit has clarified that § 2241's exhaustion requirement is non-jurisdictional, it has emphasized that "[t]he exhaustion requirement is still a requirement; it's just not a jurisdictional one." Id. at 475. In short, district courts may not disregard a failure to exhaust. Id. at 474-75.

Here, Suarez has an available administrative remedy. If he wants to seek relief pursuant to a bond hearing, he must request such hearing before an immigration judge pursuant to § 1226(a). That he has not done so renders this request for a bond hearing (or release) unexhausted. Therefore, Suarez's petition will be

---

[1] Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 applies to cases brought under 28 U.S.C. § 2241.

dismissed without prejudice.  In the event Suarez requests a bond hearing and the immigration judge—contrary to Respondents' express concession in this matter—finds him ineligible for a hearing, he may file a new habeas petition challenging his ongoing confinement.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice.**
2. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on February 24, 2026.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies: All Parties of Record

4